BLANK ROME, LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY  10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOOKYANG SHIPPING CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> STUBBS SHIPPING (BVI) LTD., <br><br> Defendant. | 07 Civ. boob Lynch <br><br> **VERIFIED COMPLAINT** |

Plaintiff KOOKYANG SHIPPING CO. LTD., ("Kookyang" or "Charterer"), as Charterer of the M/V SPRING HUMMER ("Vessel"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant STUBBS SHIPPING (BVI) LTD., ("Owner"), alleges upon information and belief as follows:

1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  The Court has subject matter jurisdiction.

2.    At all material times, Charterer was and now is a foreign company organized and existing under the laws of South Korea.

3.    At all material times, defendant Owner was and now is a corporation organized and existing under the laws of the British Virgin Islands.

## THE BASIC FACTS

4.    Charterer, entered into a contract of charter party for the Vessel with Owner, dated on or about April 18, 2007.

5.    Charterer arranged for the shipment over the Vessel's hatch covers of a cargo of mobile homes and equipment (the "Cargo").

6.    Disputes arose between Charterer and Owner about this proposed stowage of "on-deck" cargo, resulting in considerable delay and refusal to load.  The Vessel therefore sailed without Charterer's intended Cargo.

7.    Charterer incurred a dead freight charge of $341,296 and off-hire of $10,442 on the Vessel with excess bunker consumption of $1,212 and cargo handling costs of $1,684.

8.    The Owner's refusal to load the intended cargo on its own Vessel entailed that Charterer also had to hire an alternative vessel to carry the Cargo at an expense of $450,254.

9.    Charterer provided Owner notice of its claims on or about May 11, 2007 (a copy is exhibit A to the accompanying affidavit), and its solicitors placed Owner's representatives on notice of Charterer's intention to arbitrate, by message dated June 5, 2007, in the event Owner declined to accept liability for Charterer's claims.  Owner declined to reply.

10.    The Charter is subject to English law and provides for Hong Kong arbitration. This action is expressly filed without prejudice to that right of arbitration.

## COUNT I

## RULE B RELIEF

11.    Plaintiff repeats paragraphs 1 through 11 as if fully set forth herein.

12.    Plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims including its Hong Kong attorneys' fees and arbitrators' fees which are routinely awarded in Hong Kong arbitration and no security for Plaintiff's claim has been posted by Owner or anyone acting on its behalf to date.

13.    At best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

| | | |
|---|---|---|
| A. | On the principal claim | $ 804,888 |
| B. | Estimated Recoverable Lawyers and Arbitrators' Fees & "Costs" | $ 300,000 |
| C. | Interest over the course of 3 years at 8% per annum: | <u>$ 193,173</u> |
| | **TOTAL:** | $1,298,061 |

14.    Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against Owner, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.    That since Owner cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Owner's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Owner up to the amount of $1,298,061 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.    That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof.

D.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       June 25, 2007

                              Respectfully submitted,
                              BLANK ROME, LLP
                              Attorneys for Plaintiff

                              By  _Jeremy Harwood_
                              Jeremy J.O. Harwood (JH 9012)
                              405 Lexington Avenue
                              New York, NY 10174
                              Tel.:  (212) 885-5000

# VERIFICATION

STATE OF NEW YORK        )
                                              : ss.:
COUNTY OF NEW YORK      )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1.    I am a member of the bar of this Honorable Court and of the firm of Blank Rome, LLP, attorneys for Plaintiff.

2.    I have read the foregoing Complaint and I believe the contents thereof are true.

3.    The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4.    The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

_____
Jeremy J.O. Harwood

Sworn to before me this
25th day of June 2007

_____
Notary Public

**KARL V. REDA**
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires *Nov. 30, 2009*

BLANK ROME, LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KOOKYANG SHIPPING CO. LTD.,

                Plaintiff,

        v.

STUBBS SHIPPING (BVI) LTD.,

              Defendant.

07 Civ.

**AFFIDAVIT UNDER
SUPPLEMENTAL RULE B**

STATE OF NEW YORK    )
                      : ss.:
COUNTY OF NEW YORK   )

       JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

       1.     I am a member of the Bar of this Honorable Court and a member of the

firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the

circumstances of the complaint and submit this affidavit in support of Plaintiff's request

for the issuance of process of maritime attachment and garnishment of the property of

defendant STUBBS SHIPPING (BVI) LTD., as Owner of the M/V SPRING HUMMER,

a company organized and existing under the laws of British Virgin Islands, pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2.     The defendant is not incorporated or registered to do business in this State.

3.     Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, Transportation Tickler (2006 edition), telephone assistance in New York City, and the internet Yellow Pages.

4.     In our search, we did not find any listing or reference to defendant in this district or state.

5.     In the circumstances, I believe the defendants cannot be "found" within this district.

6.     I attach as Exhibit 1 hereto a true copy of the Charterer's email to Defendant setting out its claims.

Jeremy J.O. Harwood

Sworn to before me this
25th day of June, 2007

Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires  Nov. 30, 2009

900200.00001/6555650v.1

# EXHIBIT 1

| From: | sky [skypark@kookyang.co.kr] |
|---|---|
| Sent: | 11 May 2007 17:16 |
| To: | ??? jasco - stanley yeoung; ?? -biz2 |
| Cc: | Bray, Rohan |
| Subject: | RE: mv. spring hummer |

TO: JASCO
ATTN : MR. STANLEY
CC: STEAMSHIP MUTUAL MANAGEMENT HONG KONG LIMITED
FM: KOOKYANG SHIPPING CO., LTD

RE: MV. SPRING HUMMER

MV. SPRING HUMMER V-791 SAILED FM XINGANG ON 8TH MAY WITH LADEN CGO ONLY STEEL PLATE
2390.80MT PLUS MACHINERY CGO ABT 6905M3 WHICH IS FAR LESS QTY THAN OUR ORIGINALLY
INTENDED QTY

AS INFORMED EARLIER , WE HAD PLANNED TO LOAD STEEL PLATE ABT 2400MT PLUS MACHINERY ABT
13,000M3 COMPARING CGO QTY OF ACTUAL LOADED QTY AND OUR INTENDED QTY, THERE ARE SO BIG
DIFFERENCE

S OWS MAY KNOW WELL, SUCH BIG DIFF HV BN RESULTED FM MASTER'S GROUNDLESS REJECTION
FOR ON DECK SHIPPMENT WHICH CAUSED US LOTS OF LOSS

AS PER FIXTURE RECAP CL. 12, CHTRS HV OPTION TO LOAD CGO ON DECK / HATCH BUT, ON DECK
SHIPPMENT HV BN TOTALLY REJECTED BY MASTER WHICH IS CLEARLY BREACH OF CONTRACT

WITH REGARD TO THIS, WE CATEGORIZED OUR LOSS AMOUNT AS BELOW

1. DEAD FRT FOR SHORT LOADED CGO QTY
OUR INTENDED CGO QTY 13,000M3 - ACTUAL LOADED QTY 6905.42M3 = 6094.58M3
6094.58M3 X USD56 = USD 341,296.48

2. OFF HIRE
AS YOU MAY KNOW, LDG WORK HAD BN SUSPENDED DUE TO MASTRE'S REJECTION FOR ON DECK /
HATCH SHIPPMENT SO, ALL SUSPENDED TIME TO BE TREATED AS OFF HIRE ASF
A) OFF HIRE
FM 0500LT 7TH MAY UNTIL 1320LT 8TH MAY = 1DAY 8HRS 20MIN = 1.347222DAY X USD7950/DAY X
0.975 = USD10,442.66
B) BUNKER CONSUMPTION DURING OFF HIRE
1.347222DAY X 1.5MT /DAY X USD600 PMT ( THE PRICE TO BE CFMED LATER AS PER ACTUAL
PRICE ) = USD1212.50

A) + B) = USD11,655.16

3. CGO RETURNING COST
MOBILE HOUSE 8UNITS   WHICH HAD BN DELIVERED TO SHIP SIDE SHOULD BE RETURNED TO STORE
YARD DUE TO SHUT OUT
 8 UNITS  X RMB800  X 2TIMES = RMB12,800 / 7.6 = USD1684.21

4. SHIPPMENT EXP FOR REMAING CGO
IN ORDER TO DELIVERY REMAINING CGO, WE MAY HV TO PUT ANOTHER VSL WHO WD BE SIMILAR
SIZED WITH MV. SPRING HUMMER BUT, CHARTER HIRE WD BE MUCH HIGHER THAN OUR C/P RATE DUE
1) WE WL NOT CONSIDER BALLASTING TIME TO LDG PORT 2) WE WL NOT CONSIDER REDEL PLACE AS
REMAINED CGO MUST BE TRANSPORTED IMMEDIATELY FOR URGENT DELIVERY TO THE END USER
CONSIDERING ABV FACTOR, HIRE RATE TO BE MIN USD10,000 PER DAY IN THIS REGARD, WE
ASSUME PORT STAY AND SEA STEAMING TIME ASF

PORT STAY AT XINGANG INCLUDING BERTHING WIATING TIME 10DAYS PORT STAY AT DIS PORT
3DAYS STEAMING TIME FM XINGANG TO KARACHI = 5642MILES / 12KNOTS /24HRS = 19.59DAYS

BASED ON THIS, VSL COSTS WD BE AS BELOW

A). HIRE
13DAYS + 19.59DAYS X USD10,000/DAY = USD325,900

1

BUNKER CONSUMPTION
IFO 19.59DAYS X 10MT/DAY X USD400 PMT = USD 78,360
MDO AT SEA 19.59DAYS X 1MT /DAY X USD665 PMT = USD13,027.35
MDO AT PORT 13DAYS X 1.5MT /DAY X USD665 PMT = USD12,967.50
------------------------------------------------------------------------------------
------------------------
TTL USD104,354.85
ABV BUNKER PRICE ARE BASED ON CURRENT CHINA PRICE

C) PORT CHG AT LDG / DIS PORT ABT USD20,000

A) + B) + C) = USD450,254.85

BUT, PLS KEEP IN MIND THAT NO. 4 COLUME FOR THE COST OF SHIPPMENT OF THE REMAINED CGO
IS MERELY ESTIMATED AMOUNT AND THIS CAN BE CHANGEABLE ;ATER ON THE BASIS OF ACTUAL
SITUATION
IN THIS CASE, WE ARE RESERVING OUR RIGHT TO AMENDED AMOUNT

5. OTHER NOT IDENTIFIED COSTS AND LEGAL FEE

SO, TTL 1+2+3+4+5 = USD804,890.70 +

BESIDES ABY CATOGORIZED AMOUNT , CGO CHARTERER MAY FILE A CLAIM FOR THEIR LOSS
WITH REGARD TO THIS , WE RESERVE OUR RIGHT TO FILE A CLAIMS ADDITIONALLY WHEN
MATERIALIZED

PLS CFM ABV ALL N LET US HV OWS PAYMENT SCHEDULE SOONEST

YR PROMPT RESPONSE WD BE HIGHLY APPRECIATED


THKS N B'RGDS/ SKY PARK
=========================================
KOOKYANG SHIPPING CO., LTD
TEL : 02-6496-2729
FAX : 02-6496-2779
M/P: 011-9653-9906
E-MAIL : skypark@kookyang.co.kr